OPINION
The defendant-appellant, Paul W. Thatcher, Jr. ("appellant"), appeals the judgment of the Auglaize County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C.2950.09. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this matter are as follows. On August 14, 1986, the appellant was indicted by the Auglaize County Grand Jury on one count of rape and one count of aggravated burglary. A jury trial was held in this matter and on November 24, 1986, a jury returned verdicts of guilty on both charges. On January 8, 1987, the appellant was sentenced to a term of imprisonment of not less than five (5) nor more than twenty (20) years on both counts. These sentences were ordered to be served consecutively.
While serving his prison term, the Ohio Department of Rehabilitation and Correction recommended that the appellant be classified as a sexual predator. A sexual predator hearing was held on October 18, 1999 in the Auglaize County Court of Common Pleas. At the conclusion of the hearing, the trial court found the appellant to be a sexual predator pursuant to the criteria set forth in R.C. 2950.09.
It is from this judgment that the appellant now appeals, asserting six assignments of error.
Assignment of Error No. 1
 The trial court erred, in violation of the Ex Post Facto Clause of the United States Constitution, in finding defendant-appellant to be a sexual predator.
 In his first assignment of error, the appellant maintains that the trial court erred in finding him to be a sexual predator because R.C. 2950, Ohio's sexual predator statute, violates the Ex Post Facto Clause of the United States Constitution. For the following reason, we disagree.
In State v. Cook (1999), 83 Ohio St.3d 404, the Supreme Court of Ohio upheld the constitutionality of R.C. Chapter 2950. The Court specifically held that the registration and notification provisions set forth in R.C. 2950(B)(1), as applied to conduct prior to the effective date of the statute, do not violate the Ex Post Facto Clause of the United States Constitution. Having so found, the appellant's argument is without merit.
Accordingly, the appellant's first assignment of error is not well taken and is overruled.
Assignment of Error No. 2
 The trial court erred, in violation of the Cruel and Unusual Punishment Clauses of the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution in finding defendant-appellant to be a sexual predator.
 In his second assignment of error, the appellant maintains that the trial court erred in adjudicating him to be a sexual predator because R.C. 2950 violates the state and federal constitutional prohibitions against cruel and unusual punishment. For the following reason, we disagree.
In Cook, 83 Ohio St.3d at 423, the Supreme Court of Ohio held that the registration and notification provisions of R.C. 2950 are not punitive in nature, but rather serve the remedial purpose of protecting the public. Thus, the protections against cruel and unusual punishments are not implicated. See, e.g., State v.James (Dec. 8, 1999), Hardin App. No. 6-99-5, unreported; Statev. Norman (Feb. 1, 2000), Auglaize App. No. 2-99-37, unreported;State v. Burlile (March 10, 2000), Seneca App. No. 13-99-53, unreported.
Accordingly, the appellant's second assignment of error is not well taken and is overruled.
Assignment of Error No. 3
 The trial court erred, in violation of the Double Jeopardy Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, in finding defendant-appellant to be a sexual predator.
 In his third assignment of error, the appellant maintains that the trial court erred in finding him to be a sexual predator because R.C. Chapter 2950 violates the state and federal constitutional prohibitions against double jeopardy. For the following reasons, we disagree.
Again, in Cook, 83 Ohio St.3d at 423, the Supreme Court of Ohio held that the registration and notification provisions of R.C. Chapter 2950 are not punitive in nature, but rather, serve the remedial purpose of protecting the public. Having so found, R.C. Chapter 2950 does not subject the appellant to multiple punishments for the same offense. See, e.g., State v. James (Dec. 8, 1999), Hardin App. No. 6-99-5, unreported; State v. Norman
(Feb. 1, 2000), Auglaize App. No. 2-99-37, unreported; State v.Burlile (March 10, 2000), Seneca App. No. 13-99-53, unreported.
Accordingly, the appellant's third assignment of error is not well taken and is overruled.
Assignment of Error No. 4
 R.C. Chapter 2950, as amended by H.B. 180, provides no guidance as to how the factors in R.C. 2950.09(B)(2) are to be considered and weighed, rendering the law vague, in violation of the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.
 In his fourth assignment of error, the appellant asserts that the trial court erred in adjudicating him to be a sexual predator because R.C. Chapter 2950 violates the due process clauses of the state and federal constitutions. For the following reasons, we disagree.
In his brief, the appellant challenges the constitutionality of R.C. Chapter 2950 on the basis that the statute provides no guidance as to how the factors of R.C 2950.09(B)(2) are to be weighed and considered by the trial court. This Court, however, has repeatedly held that R.C. 2950.09(B) is not unconstitutionally vague. See State v. Avery (1998), 126 Ohio App.3d 36; State v.James (Dec. 8, 1999) Hardin App. No. 6-99-5, unreported; State v.Norman (Feb. 1, 2000), Auglaize App. No. 2-99-37, unreported; Statev. Burlile (March 10, 2000), Seneca App. No. 13-99-53, unreported. Therefore, we find no merit to the appellant's claim that R.C. 2950 is void for vagueness.
Accordingly, the appellant's fourth assignment of error is not well taken and is overruled.
Assignment of Error No. 5
 The trial court erred in violation of Section 1, Article I
of the Ohio Constitution, in finding defendant-appellant to be a sexual predator, because Ohio's Sexual Predator Law is an invalid exercise of the police power and deprives individuals of their inalienable and natural-law rights.
 In his fifth assignment of error, the appellant challenges the constitutionality of R.C. Chapter 2950 on the basis that the statute is an invalid exercise of the state's police power. Specifically, the appellant maintains that R.C. Chapter 2950 is unduly oppressive upon individuals and is an unreasonable and arbitrary infringement upon individual privacy rights. For the following reasons, we disagree.
In support of his position, the appellant relies upon the decision of the Fourth District Court of Appeals in State v.Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406. InWilliams, the court held that R.C. Chapter 2950 is unconstitutional on the grounds that it violates Article I, Sections 1 and 16 of the Ohio Constitution. This Court, however, has repeatedly upheld the constitutionality of R.C. Chapter 2950 by finding that it constitutes a valid use of the state's police power and is not an unreasonable or arbitrary infringement upon individual privacy rights. See, State v. Marker (Sept. 1, 1999), Seneca App. No. 13-99-05, unreported; State v. Joyce (Sept. 2, 1999), Allen App. No. 1-99-31, unreported; State v. Simms (Sept. 15, 1999), Allen App. No. 1-99-39, unreported; State v. Conley
(Sept. 29, 1999) Allen App. No. 1-99-39, unreported; State v.Bradley (Oct. 13, 1999) Logan App. No. 8-99-07, unreported; Statev. Kinkle (Oct. 28, 1999), Allen App. No. 1-99-55, unreported. We have not changed our position on this issue and continue to follow our previous line of decisions.
Accordingly, the appellant's fifth assignment of error is not well taken and is overruled.
Assignment of Error No. 6
 The evidence adduced at trial by the State of Ohio failed to prove, by clear and convincing evidence, that the defendant-appellant is likely to engage in the future in one or more sexually oriented offenses thus rendering the Court's decision against the manifest weight of the evidence.
 The appellant asserts in his sixth assignment of error that the trial court erred in finding that he is a sexual predator. Specifically, the appellant maintains that the trial court's decision is not supported by the manifest weight of the evidence. For the following reasons, we disagree.
We first note the R.C. 2950.01(E) defines the term "sexual predator" as follows:
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 R.C. 2950(B)(2) sets forth the factors that a trial court should consider when deciding an offender's status as a sexual predator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 R.C. 2950.09(C)(2) states that after reviewing all testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." The Supreme Court of Ohio in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, stated the following with respect to the term "clear and convincing evidence:"
 [It] is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
See, also, State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
The Supreme Court of Ohio has summarized the standard for determining whether a verdict is against the manifest weight of the evidence as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
In the case before us, the evidence shows that the appellant forced his way into the victim's apartment and repeatedly raped her, both vaginally and orally. The victim was a sixty-two year old woman at the time of the attack. The appellant was twenty years of age. The appellant broke the victim's wrist and repeatedly twisted the broken limb to keep the victim from resisting. He threatened to kill her if she told anyone of the rape and promised to come back and repeat the act. He also told her that his motorcycle gang would come after her if anyone found out.
The appellant has failed to complete a sexual offender treatment program while in prison. He enrolled in a program, but was subsequently dismissed due to his refusal to admit to his actions. The appellant continues to maintain his innocence. However, he does indicate that he was on prescription drugs at the time, which were causing him to experience "blackouts" and the attack could have occurred during one of these blackouts. The evidence reveals that the appellant has had several behavioral infractions while in prison. Most recently, in April of 1999, he was placed in segregation for fighting. When asked about the incident, the appellant claims he was punished because someone else beat him up.
The evidence further indicates that the appellant had a severe alcohol and drug problem at one time, but he denies that he had used either for over a year before this incident occurred. The victim, however, stated that the appellant's breath smelled strongly of alcohol during the attack. His criminal history reveals convictions for physical harm-menacing, petty theft, assault, theft with prior conviction, disorderly conduct, failure to control, no operator's license, and open container. The victim of the assault was a seventy-two year old man.
Several psychologists evaluated the appellant at various times during the course of the proceedings, as well as prior to the sexual predator hearing. The reports indicate that the appellant is a self-serving individual, is likely to be insensitive to others and blames others for his difficulties. The appellant appears to view himself as a victim.
The trial court carefully weighed all the relevant factors set forth in R.C. 2950.09(B)(2). The court specifically based its determination on the fact that the victim was sixty-two years old, the appellant was twenty-years old, he had a past record of assaultive behavior; which continued while he was in jail and prison, he had failed to participate in any programs, and the evaluators' found that he had a low ability to effect change in his behavior and was likely to be dependent on drugs and alcohol. The court further found the appellant's actions to be cruel in that he broke the victim's wrist and threatened to kill her. Thus, the court had sufficient evidence before it from which to determine by clear and convincing evidence that the appellant is likely to commit sexually oriented offenses in the future. Consequently, we cannot find that the trial court's determination that the appellant was a sexual predator is against the manifest weight of the evidence. The appellant's sixth assignment of error is not well taken and overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 ______________________________ HADLEY, PRESIDING JUDGE
 SHAW and BRYANT, JJ., concur.